JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE TONELLI,<br><br>    Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC et al.,<br><br>    Defendants. | Case No. 2:23-cv-00051-SB-KS<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 14] |

Plaintiff Rene Tonelli, a citizen of California, filed this action in state court against Defendants Anheuser-Busch Commercial Strategy, LLC, Anheuser-Busch InBev Worldwide Inc., Anheuser-Busch, LLC, and Anheuser-Busch Companies, LLC (together, AB Defendants),[1] and Margaret Drust alleging state law employment claims following his termination. Defendants removed on the basis of diversity jurisdiction, alleging that Plaintiff is a citizen of California and the AB Defendants are citizens of Missouri, Delaware, and New York. Dkt. No. 1. Although Drust is a California citizen, which means that there is not complete diversity between the parties as required to invoke diversity jurisdiction, Defendants argue that Drust is a sham defendant who was fraudulently joined. *Id*. ¶¶ 27–30. Plaintiff moves to remand, which Defendants oppose. Dkt. Nos. 14, 20. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Plaintiff's motion is granted.

---

[1] Plaintiff also sued Anheuser-Busch, Inc., but this entity has been terminated. Dkt. No. 1 ¶ 21.

I.

Plaintiff alleges that as a result of medical procedures to treat complications from Non-Hodgkin's lymphoma, it is difficult for him to walk long distances or bear heavy weight on his right leg. Dkt. No. 1-1 at 11 of 87. In 2021, he came across an open position as a "production weekender" at one of the AB Defendants' plants. *Id*. Plaintiff read the job description and believed he could adequately perform the job without aggravating his injuries. *Id*. During the interview process, Defendants did not have him take a physical test. *Id*. at 11–12 of 87. Plaintiff began working for the AB Defendants on March 21, 2022. *Id*. at 11 of 87. At his orientation, Plaintiff advised the orientation trainers that he has a disability. *Id*. at 12 of 87. He was assigned to operate bottle labeling machines; he also was assigned to put caps or labels on kegs. *Id*. Plaintiff alleges that his job was not difficult for him to perform physically, but that walking around a large brewery caused him some difficulty. *Id*. On the second weekend, Plaintiff was also required to clean the keg line, which involved rolling kegs off the conveyor belt and manually transporting kegs. *Id*.

Plaintiff experienced severe pain in his leg and groin after transporting kegs on April 1, 2022. *Id*. He notified his supervisor and the AB Defendants' human resources department of his injury. *Id*. at 13 of 87. Drust, who is alleged to have been Plaintiff's "employer, manager, . . . and supervisor," told Plaintiff to get a doctor's note. *Id*.; *id*. at 7 of 87. Plaintiff responded that his doctor was unavailable for months but that he would be able to see a chiropractor in the meantime. *Id*. at 13 of 87. Despite the chiropractor's order that Plaintiff not be required to excessively stand and walk around, Defendants continued to require Plaintiff to perform the same work as before. *Id*. Plaintiff complained, but he was ignored. *Id*. On April 26, Defendants told Plaintiff not to return to work because he was a "safety hazard." *Id*. Plaintiff and Defendants scheduled a meeting in early May where they discussed possible accommodations, including the possibility of Plaintiff working in a different position. *Id*. at 14 of 87. Following the meeting, Defendants did not respond to Plaintiff's request for a decision about his accommodations. *Id*. at 15 of 87. Plaintiff was not allowed to return to work and ultimately was "separated from Defendants" on June 13, 2022. *Id*.

Plaintiff sued in state court, bringing claims under California's Fair Employment and Housing Act and the California Labor Code, for failure to provide reasonable accommodations, for failure to engage in a good faith interactive process, for wrongful termination, for unfair competition, and—most important here—for retaliation. Defendants removed, and this motion followed.

II.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The removing party bears the burden of proof.  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant").  There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Defendants removed on the theory that Drust was fraudulently joined as a sham defendant to defeat removal from state court.  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  Fraudulent joinder can be established by showing either fraudulent pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *Id*.  The latter, on which Defendants rely, requires a showing that the non-diverse defendant "cannot be liable on any theory."  *Id*. (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Id*. at 549.  A court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Id*. at 550.  The removing defendant's burden is "heavy," and there is a presumption against finding fraudulent joinder.  *Id*. at 548.

III.

Plaintiff brought three claims against Drust:  (1) retaliation in violation of California Labor Code § 1102.5, (2) failure to pay Plaintiff's final paycheck, and (3) unfair competition.  The parties primarily dispute the first of these claims.[2]

---

[2] Because Defendants fail to carry their burden to show that Plaintiff would be unable state a retaliation claim, the Court need not evaluate the other claims brought against Drust for purposes of removal jurisdiction.

Defendants argue that the complaint does not contain any facts to support Plaintiff's claim that Drust was involved in allegedly retaliating against him. They emphasize that the only specific allegations against Drust are that Plaintiff notified Drust of the injury he received while cleaning the keg line, that Drust told him to get a doctor's note, and that Plaintiff told Drust that his doctor was unavailable and that he would see a chiropractor in the meantime. Dkt. No. 1-1 at 13 of 87. In advancing this argument, Defendants apply the wrong standard by focusing on whether the claims against Drust are adequately pleaded. They argue:

> Neither Plaintiff's Complaint, nor the instant Motion for Remand, set forth any facts, let alone credible facts, or evidence establishing Drust was involved in any sort of retaliation against Plaintiff. Specifically, in his Motion to Remand, Plaintiff claims that "Plaintiff complained repeatedly to his supervisor and Drust, the head of Human Resources, about Defendants' refusal to accommodate him." Interestingly, no where in Plaintiff's complaint does he allege that he complained to Drust about an alleged failure to accommodate. In fact, the citations that Plaintiff cites from his complaint after this allegation do not include facts, wherein Plaintiff was allegedly complaining to Drust. It is clear that this is merely Plaintiff's attempt to distort the record and misrepresent to the Court, allegations that are not actually contained in Plaintiff's complaint.

> Based on the foregoing, Drust has met her burden establishing that Plaintiff cannot prove his 1102.5 claim as a matter of law against Drust, and the general, conclusory and boilerplate allegations set forth by Plaintiff are insufficient. As a result, Plaintiff's cause of action against Drust for violation of Labor Code §1102.5 fails as a matter of law.

Dkt. No. 20 at 5–6 of 10.

Contrary to their assertion, Defendants have not satisfied their heavy burden of proving fraudulent joinder. Instead, they have offered an argument for dismissal under Rule 12(b)(6). As the Ninth Circuit held in *Grancare*, arguments that an individual defendant is "lump[ed]" in with other defendants in collective allegations, or that a complaint's allegations merely fail to state a cause of action, go "to the sufficiency of the complaint"

and not to whether the individual defendant has been fraudulently joined. 889 F.3d at 553.  Defendants do not cite or discuss *Grancare*.

Section 1102.5(b) prohibits "any person acting on behalf of the employer" from retaliating against an employee because an employee "disclosed or may disclose information . . . to a person with authority over the employee . . . if the employee has reasonable cause to believe that the information discloses" a legal violation.  Cal. Lab. Code § 1102.5(b); *see also Killgore v. SpecPro Prof. Servs., Inc.*, 51 F.4th 973, 985 (9th Cir. 2022) (finding that § 1102.5(b) prohibited retaliation against an employee for reporting a possible legal violation to his supervisor, who was "a person with authority over the employee").  Plaintiff alleges that "Defendants" (including Drust) retaliated against him by terminating him for complaining about their failure to provide reasonable workplace accommodations.  Dkt. No. 1-1 at 24 of 87.  Plaintiff alleges that:  Drust was Plaintiff's "employer, manager, . . . and supervisor"; Drust "had plenary ability to supervise, manage, hire, and fire, and did participate in the firing of Plaintiff"; Drust had control over Plaintiff's role at the plant; Drust was the person in the AB Defendants' human resources department with whom he dealt while trying to seek accommodations for his injuries; and Drust was involved in his termination.  *Id*. at 7 of 87.  In light of these allegations, the Court is unable to conclude that any pleading deficiencies as to Plaintiff's § 1102.5 claim against Drust cannot be cured by amendment.  *See Carrico v. CNA Ins.*, No. 18-cv-01445-JAK, 2020 WL 5797698, at *23 (C.D. Cal. June 1, 2020) (denying summary judgment on a § 1102.5 claim because a reasonable jury could "conclude that the actual reason [for termination] was in retaliation for" identifying a violation of the employer's obligation to reasonably accommodate a disability).[3]  Accordingly, Defendants have not shown that Drust has been fraudulently joined to defeat diversity. *Grancare*, 889 F.3d at 548–49.

---

[3] Despite their burden of proving that Drust was fraudulently joined, Defendants do not show that Plaintiff's retaliation claim against Drust would fail even if Plaintiff were to amend the complaint to address the deficiencies identified in the text above (which are block quoted above).  Dkt. No. 20 at 4–6 of 10.  Indeed, Defendants have not cited any legal authority, other than the jury instruction that sets forth the elements of the claim.

IV.

Since Defendants have not met their burden of establishing that Drust was fraudulently joined, the Court lacks diversity jurisdiction.  Plaintiff's motion to remand is GRANTED.  The Court remands this case to Los Angeles Superior Court.


IT IS SO ORDERED.


Date: March 13, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

6